UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| DUSTIN PIERPONT, | ) |
| | ) |
| Petitioner, | ) |
| | ) CAUSE NO. 4:15-CV-035 JM |
| v. | ) |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

## OPINION and ORDER

Dustin Pierpont, a *pro se* prisoner, is challenging the prison disciplinary hearing that was held at the Miami Correctional Facility on December 12, 2014, under case number MCF 14-12-116 where the Disciplinary Hearing Body (DHB) found him guilty of Possession or Use of a Controlled Substance in violation of B-202 and sanctioned him with the loss of 90 days earned credit time. Pierpont argues that despite having pleaded guilty, the finding of guilt should be overturned because of two violations of the Offender Urinalysis Program Manual of Policies and Procedures.

However, the court "need look no further than one key piece of evidence: [his] confession." *Scruggs v. Jordan*, 485 F.3d 934, 940 (7th Cir. 2007). Pierpont confessed when he pleaded guilty. In so doing, he waived any due process claims he might have otherwise had. Nevertheless, even if he had not done so, the violation of a prison rule is not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Therefore, even if he

had not pleaded guilty and even if the policies in the manual were not followed, this court could not grant him habeas corpus relief.

For the foregoing reasons, the habeas corpus petition is **DENIED** pursuant to HABEAS CORPUS RULE 4.

**SO ORDERED.**

Date: May 1, 2015

 s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT